UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KLIFFORD ANTENOR MONTALVAN REYES,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-00441-DC-JDP (HC)

ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER

(Doc. No. 10)

This matter is before the court on Petitioner Klifford Antenor Montalvan Reyes's motion for a temporary restraining order (Doc. No. 10), filed shortly after his amended petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his re-detention by U.S. immigration authorities. (Doc. No. 6.) For the reasons explained below, the court will deny Petitioner's motion for a temporary restraining order without prejudice.

**BACKGROUND**

**A.      Factual Background**

Petitioner Klifford Antenor Montalvan Reyes is a native of Nicaragua. (Doc. No. 6 at 1.) Petitioner entered the United States through the southern border on November 18, 2022. (*Id.*) Petitioner was briefly detained by U.S. immigration authorities before being released on parole. (*Id.*) Petitioner has resided in the United States continuously since his initial release with his

1

common law wife and his U.S. citizen two-year-old child. (*Id.* at 4.) Petitioner has a pending asylum claim relating to political violence in his home country. (*Id.*)

On March 21, 2025, Petitioner was arrested by local law enforcement and charged with criminal threats in violation of California Penal Code § 422 and larceny in violation of California Penal Code § 484(a). (*Id.*) Eight months later, on November 26, 2025, U.S. Immigration and Customs Enforcement ("ICE") directed Petitioner to come to the San Jose ICE office the following morning and to bring all documents relating to his arrest. (*Id.*) On November 27, 2025, Petitioner was arrested by ICE. (*Id.*) He has been in ICE detention since that date and is currently detained at the Golden State Annex Detention Facility in McFarland, California. (*Id.* at 1.)

On January 20, 2026, Petitioner was provided with a bond hearing before an immigration judge. (*Id.* at 5.) The immigration judge ruled that he did not have jurisdiction to consider bond pursuant to the ruling by the Board of Immigration Appeals ("BIA") in *Matter of Yajure-Hurtado*, 29 I. & N. 216 (BIA 2025). (*Id.*) On January 21, 2026, the criminal charges against Petitioner were dismissed in the interests of justice. (Doc. Nos. 6 at 4; 6-1.)

**B.      Procedural Background**

On January 20, 2026, proceeding pro se, Petitioner filed an initial habeas petition asserting a single claim for violation of the Fifth Amendment Due Process Clause relating to his detention without a bond hearing. (Doc. No. 1 at 21.) On that same day, Petitioner filed a motion to appoint counsel. (Doc. No. 3.) On January 27, 2026, the assigned magistrate judge granted Petitioner's motion to appoint counsel and appointed Petitioner his present counsel. (Doc. No. 5.)

On February 3, 2026, Petitioner, through his counsel, filed the operative amended habeas petition in which he argues that he is subject to discretionary detention under 8 U.S.C. § 1226(a), rather than mandatory detention under 8 U.S.C. § 1226(b)(2), and was therefore entitled to a bond hearing before his re-detention. (Doc. No. 6 at 7–9.) Petitioner asserts the following claims against Respondents Wanda Wilson, Sergio Albarran, Kristi Noem, Pam Bondi, U.S. Department of Homeland Security ("DHS"), and U.S. Executive Office for Immigration Review ("EOIR"): (1) violation of the Immigration and Nationality Act ("INA") relating to Respondents' alleged misclassification of Petitioner's detention as mandatory under 8 U.S.C. § 1225(b); and (2)

2

violation of his Fifth Amendment right to due process relating to his re-detention without a bond hearing. (Doc. No. 6 at 11–12.) In his amended petition, Petitioner seeks an order requiring his immediate release and directing Respondents to provide Petitioner with notice and a bond hearing pursuant to 8 U.S.C. § 1226(a) should they seek to re-detain him. (*Id.* at 12.) On February 10, 2026, Petitioner filed the pending motion for a temporary restraining order asserting the same arguments, and seeking the same relief, as in his habeas petition. (Doc. No. 10.)

Before Petitioner filed the pending motion, on February 4, 2026, Respondents filed an opposition to the habeas petition, arguing that as an "applicant for admission," Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 9 at 3–4.) But on February 12, 2026, Respondents filed their opposition to Petitioner's motion for a temporary restraining order arguing, for the first time, that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii) due to his March 2025 arrest for larceny, in addition to being subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 12 at 2–6.) Respondents noted that in *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that mandatory detention without a bond hearing is constitutionally permissible under 8 U.S.C. § 1226(c). (*Id.* at 4.)

On February 13, 2026, the magistrate judge issued findings and recommendations as to Petitioner's habeas petition. (Doc. No. 13.) The magistrate judge found that Petitioner's re-detention without a bond hearing violated his right to due process and recommended that Petitioner be immediately released from Respondents' custody under the same conditions he was subject to prior to his November 27, 2025 detention. (*Id.* at 3–7.) Because the magistrate judge recommended granting Petitioner's requested relief on constitutional grounds, he did not address Petitioner's claim brought under the INA. (*Id.* at 3 n.2.) Notably, the magistrate judge did not address Respondents' arguments regarding Petitioner's mandatory detention under 8 U.S.C. § 1226(c), likely because that issue was not raised in either party's briefing relating to the habeas petition.

On February 15, 2026, Respondents filed objections to the magistrate judge's findings and recommendations, reiterating that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). (Doc. No. 14 at 1.)

3

On February 17, 2026, Petitioner filed an omnibus reply in support of his motion for a temporary restraining order and response to Respondents' objections to the findings and recommendations. (Doc. No. 15.) Petitioner argues that he is not subject to mandatory detention under 8 U.S.C. § 1226(c) because the charges against him have been dismissed, therefore he is not currently subject to any charge envisioned by that statute. (*Id.* at 3.)

**LEGAL STANDARD**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7, 20 (2008). The likelihood of success on the merits is the most important *Winter* factor. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

A party seeking injunctive relief must make a showing on all four prongs of the *Winter* factors to obtain injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *see Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). A district court may consider "the parties' pleadings, declarations, affidavits, and exhibits submitted in support of and in opposition to the [motion for injunctive relief]." *Cal. Rifle & Pistol Ass'n, Inc. v. L.A. Cnty. Sheriff's Dep't*, 745 F. Supp. 3d 1037, 1048 (C.D. Cal. 2024); *see also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). Any evidentiary issues "properly go to weight rather than admissibility." *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F. Supp. 3d 1177, 1185 (C.D. Cal. 2015).

4

**DISCUSSION**

**A.    Likelihood of Success on the Merits**

Petitioner argues that Respondents have improperly subjected Petitioner to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), whereas courts across the country, including this court, have determined that noncitizens who have previously been detained then subsequently released by ICE are entitled to a pre-deprivation bond hearing before they may be re-detained. (Doc. No. 10 at 3) (citing *Altin v. Chestnut*, 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026)).

Respondents contend that Petitioner is subject to mandatory detention under both 8 U.S.C. § 1225(b)(2)(A) and 8 U.S.C. § 1226(c)(1)(E)(ii). (Doc. No. 12 at 2–6.)

This court has repeatedly found the government's argument regarding mandatory detention under 8 U.S.C. § 1225(b)(2)(A) unavailing and makes the same determination here. *See, e.g., Altin*, 2026 WL 309563; *Selis Tinoco v. Noem,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026).

As to Respondents' second contention, Congress enacted provisions under § 1226(c) of the INA in response to a legislative determination that noncitizens with certain criminal convictions pose elevated risks of danger to their communities. *See Demore*, 538 U.S. 510 at 513. Section 1226(c) therefore subjects noncitizens convicted of these enumerated crimes to mandatory detention. *Id.* In January 2025, Congress amended § 1226(c) to subject additional categories of noncitizens who have had interactions with law enforcement to mandatory detention without a bond hearing. Pub. L. No. 119-1, 139 Stat. 3 (2025). Specifically, under 8 U.S.C. § 1226(c)(1)(E), detention is mandatory for any noncitizen who is charged as "inadmissible" as having entered the U.S. without inspection under 8 U.S.C. § 1182(a)(6)(A) and, as relevant here:

> is charged with, is arrested for, [or] is convicted of . . . committing acts which constitute the essential elements of any burglary, theft, [or] larceny . . . when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(E)(i)-(ii). Respondents contend that Petitioner's arrest for larceny facially subjects him to mandatory detention under § 1226(c)(1)(E)(ii), and as the Supreme Court held in *Demore*, Petitioner is not constitutionally entitled to a bond hearing under that statute. (Doc. No. 12 at 3–4) (citing *Demore*, 538 U.S. 510 at 521.)

Petitioner does not—and seemingly, cannot—argue that his arrest for larceny does not constitute an event subjecting him to the mandatory detention requirement of § 1226(c)(1)(E)(ii). Instead, Petitioner argues that, due to the subsequent dismissal of those charges, Petitioner "does not meet the requirements of section 1226(c)(1)(E)(ii)." (Doc. No. 15 at 3.) Indeed, several courts within the Ninth Circuit have found that the Constitution cannot permit mandatory detention without a bond hearing under § 1226(c) where the predicate charge has been dismissed. *See, e.g., S.E. v. Noem*, No. 1:26-cv-00356-DAD-SCR, 2026 WL 206085, at *4 (E.D. Cal. Jan. 27, 2026) (ordering bond hearing for noncitizen who was detained under § 1226(c) relating to an arrest for which charges were never filed); *Brandon Y.M. v. Andrews*, No. 1:25-cv-01962-SKO, 2026 WL 125234, at *4 (E.D. Cal. Jan. 16, 2026) (same as to noncitizen who had been arrested, but no complaint was ever filed); *E.C. v. Noem*, No. 2:25-cv-01789-RFB-BNW, 2025 WL 2916264, at *13 (same as to noncitizen who had been acquitted of the charged offenses).

However, unlike the above cases, Petitioner's charges were not dismissed until *after* he was re-detained by ICE. (Doc. Nos. 6 at 4; 6-1.) Further, in both his amended petition and motion for a temporary restraining order, Petitioner argues that his *initial detention* was in violation of the INA and the Constitution, not that his detention became unconstitutional upon the dismissal of his criminal charges. (Doc. Nos. 6, 10.) Therefore, Petitioner does not seek relief relating to his dismissed charges in his amended petition or pending motion.

In this regard, the court finds the district court's decision in *Calderon v. Noem*, No. 2:25-cv-02136-LK-TLF, 2025 WL 3754042 (W.D. Wash Dec. 29, 2025), *appeal docketed*, No. 26-1267 (9th Cir. Mar. 4, 2026), to be persuasive. In *Calderon*, the petitioner was arrested for theft and was in ongoing criminal proceedings in state court. *Calderon*, 2025 WL 3754042, at *1. The petitioner was detained by ICE under § 1226(c) based on that arrest. (*Id.*) The petitioner filed a habeas petition in April 2025. *Id.* at *2. Shortly thereafter, the state court dismissed the

6

petitioner's predicate charge for lack of a speedy trial. *Id.* at *1.

In his initial habeas petition, as here, the petitioner in *Calderon*'s "sole claim for relief [wa]s that Respondents violated his Fifth Amendment rights by failing to afford him written notice or meaningful opportunity to be heard by a neutral decisionmaker *prior to his re-detention in April 2025.*" *Id.* at *4 (internal quotation omitted). And, as here, "[t]he petition does not raise a challenge relating to his right to a hearing *after* the charges against him were dropped" following his ICE detention. *Id.* Thus, the court in *Calderon*, noting that "a habeas petitioner cannot amend his petition—much less introduce wholly new claims—in his reply brief," denied Petitioner's habeas petition. *Id.* (quoting *McClellon v. Rickard*, No. 24-cv-10053-VSB-BCM, 2025 WL 3286917, at *10 (S.D.N.Y. June 24, 2025)). The court noted, however, that "[t]o the extent Mr. Calderon wishes to challenge his current detention, he is free to file a new habeas petition pursuant to Section 2241." *Calderon*, 2025 WL 3754042, at *4.

As in *Calderon*, Petitioner's amended petition and motion for a temporary restraining order challenge only the basis for his initial detention, not the effect of the subsequent dismissal of his criminal charge on that basis. Further, as in *Calderon*, the court cannot issue relief predicated on a claim that has not been brought before it in Petitioner's petition or motion for injunctive relief. While Petitioner may have a meritorious claim relating to the constitutionality of his continued detention in light of the dismissal of his larceny charge, that claim is not before the court. Accordingly, the court finds that Petitioner is unlikely to succeed on the merits of his claim that his initial detention violated the INA or his constitutional right to due process, and Petitioner's motion for a temporary restraining order will be denied without prejudice.

## CONCLUSION

For the reasons explained above,

1.    Petitioner Klifford Antenor Montalvan Reyes' motion for a temporary restraining order (Doc. No. 10) is DENIED without prejudice; and

/////

/////

/////

2.      If Petitioner wishes to file an amended Petition relating to his continued detention under 8 U.S.C. § 1226(c), he may do so within fourteen (14) days of issuance of this order.

IT IS SO ORDERED.

Dated:    **March 17, 2026**

Dena Coggins
United States District Judge

8