UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLIFFORD ANTENOR MONTALVAN REYES (A-Number: 246-328-281),<br><br>                    Petitioner,<br><br>          v.<br><br>WARDEN, *et al.*,<br><br>                    Respondents. | Case No.  1:26-cv-0441-DC-JDP<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Klifford Antenor Montalvan Reyes entered the United States in 2022 and was re-detained by ICE in 2025.  Petitioner, now proceeding with counsel, has filed a second amended petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming that his re-detention without a bond hearing violates due process.  The court issued injunctive relief, ordering that petitioner be afforded a bond hearing.  Petitioner was provided that hearing, at which he was denied bond. Petitioner subsequently filed a motion to enforce the court's order, which the court denied based on the finding that the immigration judge complied with the court's order.  For the reasons stated below, I recommend that the second amended petition be dismissed without prejudice based on petitioner's failure to exhaust administrative remedies.

**Background**

Petitioner entered the United States in 2022, and, after being detained by DHS, he was paroled into the country.  ECF No. 17 at 1.  In March 2025, petitioner was arrested by local law

1

enforcement and charged with criminal threats and larceny. *Id*. at 2. In November 2025, petitioner was re-detained by ICE on account of those criminal charges. *Id*. In January 2026, petitioner's criminal charges were dismissed in the interests of justice. *Id*.

**Procedural History**

On January 20, 2026, petitioner filed a petition for writ of habeas corpus and a motion for the appointment of counsel. ECF Nos. 1 & 3. I appointed counsel on January 22, 2026, and appointed counsel appeared on January 27, 2026. ECF Nos. 4 & 5. On February 3, 2026, petitioner filed an amended petition. ECF No. 6. One week later, petitioner filed a motion for temporary restraining order. ECF No. 10.

On March 18, 2026, the court denied petitioner's motion for temporary restraining order. ECF No. 17. Specifically, the court held that, at the time when petitioner was re-detained by ICE in November 2025, he was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii) on account of his arrest for larceny. *Id*. at 6. However, the amended petition claimed that petitioner's "*initial detention* was in violation of the INA and the Constitution, not that his detention became unconstitutional upon the dismissal of his criminal charges" in January 2026. *Id*. (emphasis in original). Accordingly, the court held that it "cannot issue relief predicated on a claim that has not been brought before it in Petitioner's petition or motion for injunctive relief." *Id*. at 7. The court provided petitioner leave to file a second amended petition. *Id*. at 8.

On March 25, 2026, petitioner filed a second amended petition, claiming that petitioner's continued detention violates the INA and due process.[1] ECF No. 19 at 8. Petitioner concurrently filed a renewed motion for temporary restraining order. ECF No. 20. On April 6, 2026, the court granted petitioner's renewed motion for temporary restraining order and found that, in light of the dismissal of his criminal charges in January 2026, "Petitioner has established a likelihood of success on the merits of his claim that his continued detention without a bond hearing violates his right to due process." ECF No. 24. Accordingly, the court ordered that petitioner be afforded a

---

[1] The second amended petition still claims that petitioner's initial detention violated the INA and due process, despite the court's earlier finding to the contrary. *See* ECF No. 19 at 7-8; ECF No. 17 at 6.

bond hearing "before an immigration judge where Respondents shall bear the burden of establishing by clear and convincing evidence that Petitioner presents a danger to the community or flight risk if released thereby justifying his continued detention." *Id*.

On April 15, 2026, petitioner was provided a bond hearing, at which the immigration judge found that the government satisfied its burden of establishing by clear and convincing evidence that petitioner is a danger to the community and a flight risk. ECF No. 26. Petitioner reserved his right to appeal, and respondents indicate that petitioner has filed an appeal. *See id*. at 2; ECF No. 35 at 2 (stating that "[t]he Board of Immigration Appeals hasn't yet resolved this appeal" and that "the Board of Immigration Appeals hasn't issued its decision").

On April 21, 2026, petitioner filed a motion to enforce the court's order, arguing that his bond hearing was inadequate. ECF No. 30. On May 7, 2026, the court denied petitioner's motion to enforce the court's order, holding that the immigration judge applied the appropriate standard and that the transcript of the hearing did not show that the immigration judge failed to consider certain evidence or accurately represent the record. ECF No. 33. Additionally, because the immigration judge found that petitioner's detention was appropriate, the court rejected petitioner's argument that there is no lawful basis for his continued detention. *Id*. Accordingly, the court referred the matter to me for further proceedings. *Id*.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Respondents argue that the court should dismiss the second amended petition for petitioner's failure to exhaust his administrative remedies. ECF No. 35 at 2. "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). To decide if exhaustion is required, courts consider the *Puga* factors, evaluating whether:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id*. (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

Where a court finds that the petitioner has failed to exhaust prudentially required administrative remedies, it "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Id*. (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). However, even if a consideration of the *Puga* factors favors prudential exhaustion, a court may nonetheless excuse exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id*. (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). I begin by considering the *Puga* factors in turn.

First, it does not appear that "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision." *See Hernandez*, 872 F.3d at 988. On the contrary, courts have found that where, as here, the petitioner is entitled to a bond hearing under section 1226, the first *Puga* factor weighs against prudential exhaustion. *See Okoth v. Kaiser*, No. 1:25-cv-1936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Hernandez Burruel v. Murray*, No. 1:25-cv-1569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025). The immigration judge ("IJ") provided a written decision, and petitioner has provided a transcript of the hearing; it therefore appears that consideration by the Board of Immigration Appeals ("BIA")

is unnecessary to generate a record or for this court to reach a proper decision. *See* ECF No. 26; ECF No. 30-1. For these reasons, the first *Puga* factor does not weigh in favor of finding exhaustion prudential.

Second, "relaxation of the [exhaustion] requirement would encourage the deliberate bypass of the administrative scheme." *See Hernandez*, 872 F.3d at 988. "Granting petitioner's requested relief would 'bypass' the administrative scheme under § 1226(a) and its implementing regulations." *See Okoth*, 2026 WL 45199, at *3 (finding that the second *Puga* factor weighs in favor of prudential exhaustion). Notably, the Court of Appeals has held that section 1226's procedures facially satisfy due process. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). While the Court of Appeals did not foreclose as-applied challenges, petitioner does not argue that section 1226's procedures violate his due process rights. I find that "relaxing the exhaustion requirements in this case would encourage others to immediately seek habeas review if they deem the federal courts to be a more sympathetic forum." *See Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

Third, "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988. Indeed, the BIA "has the authority to correct the erroneous factual determinations and evidentiary errors alleged" by petitioner. *See Martinez*, 2025 WL 2689844, at *5 (citing 8 C.F.R. §§ 1003.1(d)(3)(i)-(ii)). The BIA's review of the IJ's order would "allow the agency to correct its own mistakes" and potentially "preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988.

Accordingly, while the first factor weighs against prudential exhaustion, the second and third factors support the finding that petitioner has failed to exhaust prudentially required administrative remedies.

This finding is also supported by the Court of Appeals' decision in *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011). In that case, after the petitioner filed a habeas petition, the court

ordered that petitioner be afforded a *Casas-Castrillon* hearing.[2] *Id*. at 1159.  The petitioner was provided a hearing, at which the IJ denied bond based on the finding that the petitioner "posed a danger to the community."  *Id*.  "Rather than appealing the IJ's adverse bond determination to the BIA, [the petitioner] filed a motion for review of the IJ's decision in his pending habeas case, arguing that the hearing failed to satisfy due process or conform to the district court's previous order."  *Id*.  The Court of Appeals held that "[t]his short cut was improper" and that the petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."  *Id*. at 1160.  The court further held that "[o]nce the BIA rendered its decision, [the petitioner] could have properly pursued habeas relief in the district court."  *Id*.  Accordingly, the court remanded the case with instructions for the district court to dismiss the petition without prejudice.  *Id*. at 1161.

Here, as in *Leonardo*, the court ordered a bond hearing, petitioner was denied bond at that hearing, and petitioner has sought judicial review before exhausting administrative remedies.  Given these core similarities, the Court of Appeals' reasoning from *Leonardo* is persuasive; petitioner's "short cut was improper" and he must exhaust administrative remedies before seeking judicial review.  *See id.* at 1160.

Petitioner presents three arguments to justify excusing his exhaustion requirement.  ECF No. 36 at 14 (incorporating by reference ECF No. 32 at 7-12).  First, petitioner argues that the Board of Immigration Appeals "has been openly compromised to serve the administration's mass-detention, mass-removal agenda."  ECF No. 32 at 10.  However, as noted, the BIA "has the authority to correct the erroneous factual determinations and evidentiary errors alleged" by petitioner.  *See Martinez*, 2025 WL 2689844, at *5.  Moreover, to the extent that petitioner argues

---

[2] A *Casas-Castrillon* hearing was afforded to a noncitizen detained under 8 U.S.C. § 1226(c) when their immigration case reached judicial review, which shifted the detention authority to 8 U.S.C. § 1226(a) and thereby allowed for a bond hearing.  *Avilez v. Garland*, 69 F.4th 525, 528 (9th Cir. 2023) (citing *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008)).  The Court of Appeals has since overturned *Casas-Castrillon*, holding that section 1226(c) "authorizes [mandatory] detention during the judicial review phase of removal proceedings."  *Id*. at 537.  While *Casas-Castrillon* is no longer good law, and the hearing in the present action is distinct, *Leonardo* is nonetheless instructive.

6

that his administrative relief would be inadequate, I disagree.  As the court in *Martinez* held when considering a similar argument:

> Even assuming *arguendo* Petitioner had shown that immediate federal judicial review of his claims would be *more efficient*, this is not the same as demonstrating that the available administrative processes are inadequate and inefficient.  Indeed, a version of Petitioner's argument could be made by virtually every litigant attempting to bypass the administrative process by proceeding directly to the federal courts.  Permitting Petitioner to avoid the administrative scheme based solely on the additional time required to pursue administrative remedies would create an exception to exhaustion that would swallow the rule.

*Martinez*, 2025 WL 2689844, at *6 (emphasis in original).

I agree with the analysis in *Martinez* and find that petitioner has not demonstrated that the court should excuse the exhaustion requirement on the basis of futility or inadequate relief.

Second, petitioner argues that exhaustion would cause him irreparable harm.  ECF No. 32 at 10.  This argument, however, "begs the constitutional questions presented in his petition by assuming that petitioner has suffered a constitutional injury."  *See Francisco Cortez v. Nielsen*, No. 19-cv-0754-PJH, 2019 WL 1508458, at *3 (N.D. Cal. Apr. 5, 2019) (rejecting the petitioner's argument of irreparable harm); *see also Aden v. Nielsen*, No. 18-cv-1441-RSL, 2019 WL 5802013, at *3 (W.D. Wash. Nov. 7, 2019) (finding that the petitioner "has not demonstrated that his detention pending appeal would violate his constitutional rights").  Accordingly, petitioner has not demonstrated that the exhaustion requirement should be excused on the basis of irreparable harm.

Third, petitioner argues that exhaustion is unnecessary because the IJ allegedly violated the court's order.  ECF No. 32 at 2.  However, as noted, the court already rejected this argument, finding that the IJ applied the correct standard and that petitioner did not establish that the IJ failed to consider evidence or accurately represent the record.  *See* ECF No. 33.  Moreover, because petitioner claims that the IJ violated his procedural due process rights, he must first exhaust this claim before seeking judicial review.  *See Morgan v. Gonzales*, 495 F.3d 1084, 1090 (9th Cir. 2007) ("The exception to the rule that constitutional claims need not be exhausted before the agency are claims of denial of procedural due process by the IJ, which must be raised before

7

the BIA because the agency does have the power to adjudicate procedural due process claims.").

This finding is also supported by *Leonardo*, where the Court of Appeals rejected the petitioner's argument that "the district court should have addressed his challenges to the IJ's decision based on the court's authority to ensure compliance with its earlier habeas order." *See Leonardo*, 646 F.3d at 1161. The Court of Appeals held that:

> [The petitioner] is correct that the district court had authority to review compliance with its earlier order conditionally granting habeas relief. [citations] But in this case the district court concluded that the government "complied exactly with this Court's Order" by affording a bond hearing before an immigration judge. The district court thus exercised its authority to ensure compliance with its conditional grant of relief and construed [the petitioner's] legal challenges following the IJ's hearing as raising new arguments not covered by the earlier order. The district court was under no obligation to address [the petitioner's] new arguments under the ambit of ensuring compliance with the earlier order.

*Id.*

I find this reasoning to be persuasive. This court ordered that petitioner be afforded "a bond hearing before an immigration judge where Respondents shall bear the burden of establishing by clear and convincing evidence that Petitioner presents a danger to the community or flight risk if released." ECF No. 24. There is no evidence that the IJ failed to comply with this requirement. As such, this court is "under no obligation to address [petitioner's] new arguments under the ambit of ensuring compliance with the earlier order." *See Leonardo*, 646 F.3d at 1161.

Accordingly, because petitioner does not demonstrate that the exhaustion requirement should be excused, the second amended petition for writ of habeas corpus should be dismissed without prejudice. *See Hernandez*, 872 F.3d at 988 (holding that a petition may be dismissed without prejudice where the petitioner has failed to exhaust administrative remedies); *Okoth*, 2026 WL 45199, at *4 (dismissing the petition because the petitioner failed to exhaust administrative remedies); *Martinez*, 2025 WL 2689844, at *7 (same).

## Conclusion

Based on the foregoing, it is hereby RECOMMENDED that:

1. Petitioner's second amended petition for writ of habeas corpus, ECF No. 19, be DISMISSED without prejudice.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 24, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

9