UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KLIFFORD ANTENOR MONTALVAN REYES (A-246-328-281),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-00441-DC-JDP (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. No. 37)

Petitioner, an immigration detainee, filed a second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 19.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 24, 2026, the magistrate judge filed findings and recommendations recommending that Petitioner's second amended petition be dismissed due to Petitioner's failure to exhaust administrative remedies. (Doc. No. 37.) Those findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (*Id.*) Petitioner filed objections to the findings and recommendations in which he asserts that the magistrate judge failed to address Petitioner's claim that his due process rights were—and continue to be—violated by virtue of having been detained by immigration authorities without notice and a pre-deprivation bond

hearing. (Doc. No. 38.) However, those arguments were already addressed and rejected by the magistrate judge and the undersigned in this case and other cases. (*See* Doc. Nos. 24, 33, 37.) Indeed, the undersigned previously granted Petitioner relief on the grounds that Petitioner's ongoing detention under 8 U.S.C. § 1226(c) was improper in light of the dismissal of the charges underpinning the mandatory detention. (Doc. No. 24) (citing to *S.E. v. Noem,* No. 1:26-cv-00356-DAD-SCR, 2026 WL 206085 (E.D. Cal. Jan. 27, 2026, *Brandon Y.M. v. Andrews,* No. 1:25-cv-01962-SKO, 2026 WL 125234 (E.D. Cal. Jan. 16, 2026), and *E.C. v. Noem,* No. 2:25-cv-01789-RFB-BNW, 2025 WL 2916264 (D. Nev. Oct. 14, 2025). However, the undersigned did not, and does not, find persuasive Petitioner's unsupported claim that his detention without a pre-deprivation bond hearing violated his right to due process because, at the time of his immigration detention, Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c) on account of his then-pending larceny charge. *See Arias Garza v. Noem*, No. 2:26-cv-01349-DC-CSK, Doc. No. 21 (E.D. Cal. June 12, 2026) (rejecting the petitioner's contention that he was entitled to a pre-deprivation bond hearing before being detained under 8 U.S.C. § 1226(c) and denying injunctive relief).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 24, 2026 (Doc. No. 37), are ADOPTED;
2. Petitioner's second amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 19) is DISMISSED without prejudice;
3. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

/////

/////

/////

4. The Clerk of the Court is directed to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: **October 21, 2026**

Dena Coggins
United States District Judge